UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No. 19-7157-JCB

UNITED STATES OF AMERICA

v.

CHUKWUEMEKA EZE

**ORDER ON GOVERNMENT'S MOTION FOR DETENTION**

June 28, 2019

Boal, M.J.

    Defendant Chukwuemeka Eze is charged in a complaint with wire and bank fraud conspiracy in violation of 18 U.S.C. § 1349, money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and aggravated identity theft in violation of 18 U.S.C § 1028A. An initial appearance was held on June 12, 2019, at which time the government moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(A) (risk of flight).

    This Court held a probable cause and detention hearing on June 27, 2019.[1] The government called FBI Special Agent Michael Livingood and submitted twenty-two exhibits into evidence. The defendant cross-examined Special Agent Livingood. After careful consideration of the evidence, the parties' arguments at the hearing, and a Pretrial Services Report recommending detention, this Court orders the defendant detained pending trial.

---

[1] At the hearing, this Court found that the government had demonstrated probable cause.

I.      **ANALYSIS**

    A.      **The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses "a danger to the safety of any other person or the community if released,"[2] or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-793 (1st Cir. 1991). If there is some risk, the Court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).

---

[2] "[W]here detention is based on dangerousness grounds, it can be ordered only in cases involving one of the circumstances set forth in [18 U.S.C.] § 3142(f)(1)." United States v. Ploof, 851 F.2d 7, 11 (1st Cir. 1988) (emphasis added). The government did not move for detention under 18 U.S.C. § 3142(f)(1) and it does not appear that Section 3142(f)(1) would be applicable here.

B. **Nature Of The Offense**

The government alleges that between approximately May 2018 and June 2018, unknown individuals emailed five fraudulent invoices to Company A seeking payments totaling $1,431,823.80. The fraudulent invoices were issued in the name of Levitronix GmbH, one of Company A's vendors, and called for the payments to be made by wire transfer to a TD Bank account purportedly in Levitronix's name. Unbeknownst to Company A, however, its vendor Levitronix had not issued the fraudulent invoices and did not control the TD Bank account. The government alleges that Eze, in furtherance of the fraudulent scheme, established Levistronix GMB Ltd. in Massachusetts, opened the TD Bank account in that shell company's name, and, posing as "Dino Garza," received and disbursed Company A's stolen money. The government also alleges that Eze laundered stolen money out of the TD Bank account.

C. **Defendant's History And Characteristics**

Eze, age 37, was born in Nigeria. He came to the United States in 2002 and became a naturalized U.S. citizen in 2007.

Eze reported that he works as a delivery truck driver. In 2016, Eze was convicted in state court for money laundering, identity fraud, credit card fraud, and larceny and sentenced to 2 ½ years split sentence, 15 months committed, with the balance suspended with probation for 2 years.

D. **Risk Of Flight**

Eze has lived in Massachusetts for approximately 16 years. He resides with his significant other and their three children, ages 3, 8, and 12.

Eze's mother and siblings reside in Nigeria. The government recovered several passports, visas, and drivers' licenses depicting Eze's photo with false names.

Eze allegedly committed the instant offense while on probation. If convicted, he faces a significant sentence.

### E. Assessment Of All Factors

Eze has proposed to be released on "strict" conditions, including GPS monitoring. However, after carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, this Court finds that the government has met its burden regarding detention. While Eze has ties to Massachusetts, he also has ties to Nigeria. In addition, he allegedly committed the instant offense while on probation and he faces a significant sentence if convicted. Most significantly, Eze's use of aliases and false identities give the Court serious doubts about its ability to assure his appearance as required through any combination of release conditions. Accordingly, the undersigned finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

## ORDER OF DETENTION

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Chukwuemeka Eze be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Chukwuemeka Eze be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Chukwuemeka Eze is

detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge