

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 29, 2019

BY ELECTRONIC MAIL TO eric.christofferson@dlapiper.com

Eric P. Christofferson, Esq.
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447

      Re:    *United States v. Chukwuemeka Eze*
             Criminal No. 19-10354 (LTS)

Dear Counsel:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Chukwuemeka Eze ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.    <u>Change of Plea</u>

No later than September 23, 2019, Defendant will waive Indictment and plead guilty to an Information charging him with bank fraud, in violation of 18 U.S.C. § 1344, four counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one. Defendant agrees to waive any legal or procedural defects in the Information.

A copy of the Information is attached to this agreement.

2.    <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties:

- As to bank fraud (Count 1), a maximum penalty of:  incarceration for 30 years,

1

supervised release for 5 years, a fine of $1,000,000; a mandatory special assessment of $100, restitution; and forfeiture to the extent charged in the Information;

- As to each money laundering count (Counts 2 through 5), a maximum penalty of: incarceration for 20 years, supervised release for 3 years, a fine of $500,000 or twice the value of the property involved in the transaction, whichever is greater, a mandatory special assessment of $100, restitution; and forfeiture to the extent charged in the Information; and

- As to the aggravated identity theft count (Count 6): incarceration for a mandatory minimum of 2 years consecutive to the Court's sentence on Counts 1 through 5; supervised release for one year, a fine of $250,000, and a mandatory special assessment of $100, and restitution to the extent charged in the Information.

3.     <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 26.

The parties agree that Count 1 (bank fraud) and Counts 2 through 5 (money laundering) group within the meaning of USSG § 3D1.2.

a) Defendant's base offense level is 7 (USSG §§ 2S1.1(a)(1) and 2B1.1(a)(1));

b) Defendant's offense level is increased by 16, because the loss is more than $1,500,000 and less than $3,500,000 (USSG § 2B1.1(b)(1)(I));

c) Defendant's offense level is increased by 2, because the offense involved sophisticated means and the Defendant intentionally engaged in and caused the conduct constituting sophisticated means (USSG § 2B1.1(b)(10)(C);

d) Defendant's offense level is increased by 2, because the offense involved the possession or use of authentication features (USSG § 2B1.1(b)(11)(A)(i)(ii);

e) Defendant's offense level is increased by 2, because Defendant has been convicted of 18 U.S.C. § 1956; and

f) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG §3E1.1).

The parties agree that, in addition, Defendant is subject to a mandatory term of imprisonment of 24 months to be served consecutively to any sentence imposed on Counts 1 through 5 (USSG § 2B1.6 and 18 U.S.C. § 1028A).

Defendant understands that the Court is not required to follow this calculation, and that

Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for the crimes he is pleading guilty to committing; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.      Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

     a) incarceration for 78 months on Counts 1 through 5, plus 24 months' consecutive imprisonment on Count 6 (for a total of 102 months' incarceration);

     b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

     c) 60 months of supervised release on Count 1, concurrent with 36 months of supervised release on Counts 2 through 5 and 12 months of supervised release on Count 6;

     d) a mandatory special assessment of $600, which Defendant must pay to the Clerk of the Court by the date of sentencing;

     e) restitution of $920,055.40 payable to Company A; and

     f) forfeiture as set forth in Paragraph 6.

5.      Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and

that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a)  He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b)  He will not challenge any prison sentence of 121 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 102 months or more.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and any sentence of 121 months or less will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6.      Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a.  $920,055.40 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that $920,055.40 is subject to forfeiture on the grounds that it is equal to

4

the amount of money obtained by the Defendant during commission of the offense.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7.   Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

5

8.    Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9.    Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10.    Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*        *        *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Seth B. Kosto.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
AMY HARMAN BURKART
Chief, Cybercrime Unit


_____
SETH B. KOSTO
Assistant U.S. Attorney

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

CHUKWUEMEKA EZE
Defendant

Date:  11 7 19

I certify that Chukwuemeka Eze has read this Agreement and that we have discussed what it means. I believe Chukwuemeka Eze understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

ERIC P. CHRISTOFFERSON, ESQ.
Attorney for Defendant

Date:  11 7 19

8